The Court
(Cranch, C. J.,
doubting,)
overruled the demurrer; being of opinion that it sufficiently appears in the indictment, that the offence charged is the keeping of a common disorderly house.
Upon the trial, Mr. Key prayed the Court to instruct the jury,
That if they believe, from the evidence, that the defendant kept an open house in the city of Washington for selling spirituous liquors, and that such liquors were sold and drunk in the said house to other persons than boarders and lodgers; and that the said house was kept open on Sundays, and such liquors ¿here sold and drunk by such persons on Sundays, and also at late hours of the nights both of Sundays and other days ; and that persons intoxicated were seen in said house and coming out of said house at late hours of the night, drunk and disorderly, such evidence is sufficient to support the indictment. "
Which instruction the Court gave, having, yesterday, in the absence of Cranch, C. J., given a similar instruction in the case of The United States v. Bede, published in the National Intelligen-cer of the 23d of June, 1837.[1]
Mr. W. L. Brent, for the defendant, being about to argue to the jury against the instruction just given, was stopped by the Chief Judge, and informed that the Court could not permit him *306 to argue the point of law to the jury against the instruction which the Court had given to them.
Mr. Brent contended, that as he had not asked the opinion of the Court upon that point, he was not precluded from arguing it to the jury. That in criminal cases the jury are judges of the law as well as of the fact, and, therefore, the law ought to be argued to them.,
Cranch, C. J., observed, that this Court had always refused to permit counsel to argue the question of law after it had been decided by the Court, in the cause. That the jury has a right to find a general verdict, which includes the question of law as well as of fact: but the. jury has no right to decide the question of law, disconnected from the fact. That this point had been decided early in the existence of this Court, upon full argument; and that such had been the uniform decision and practice of the Court from its commencement, more than thirty years ago.
Mr. Brent then prayed the Court to instruct the jury, that notwithstanding they might be of opinion, from the evidence, that the tavern of the defendant was kept open on Sunday, the selling of liquor (in a legal point of view) upon Sunday, is no more an offence for which the defendant could be indicted than the selling upon any other day, according to the laws and Constitution of Maryland as in force in this part of the District of Columbia.
Which instruction the Court (Thruston, J., absent,) refused to give.
Verdict, guilty.

 In the case of the United States v. Bede, the indictment tos in the same form as that of the United States v. Columbus.
The following is the instruction moved by Mr. Key, and given by the Court in the absence of Ckanch, C. J.
“ That if the jury believe from the evidence that the traverser kept a public and open shop in this city, in which he sold liquors to persons not lodgers or hoarders in his house, at times to persons who were drunk, at times to persons who came m/drunk, and drank there, and went out drunk; sometimes to persons who came out and went away from his house in a noisy manner and sky-larking in the streets; that his_shop was generally kept open on Sundays, and that persons, not lodgers or boarders, bought and drank spirituous liquors in the shop, on Sundays; and that he had no accommodations for travellers or boarders, neither beds nor stables for such accommodation; and that he had no license for keeping a public house from the corporation; then, the charge of the indictment is sustained.”